UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

DROGUERIA BETANCES, LLC,

        Plaintiff,

v.

FORWARD SHIPPING MIAMI, INC.,

        Defendant.
_____/

## COMPLAINT

**COMES NOW**, DROGUERIA BETANCES, LLC ("Plaintiff" or "DROGUERIA BETANCES"), represented by the undersigned counsel, and brings this Complaint against Defendant FORWARD SHIPPING MIAMI, INC. ("Defendant" or "FSM"), and in support thereof CLAIMS, ALLEGES, and PRAYS as follows:

### PARTIES

1. Plaintiff, DROGUERIA BETANCES, LLC, is a for profit company, organized and operating under the laws of the Commonwealth of Puerto Rico, with principal offices in Ave. Luis Muñoz Marin, Esq. Troche, Final Bo. Tomas de Castro, Caguas, PR 00725.

2. Defendant, FORWARD SHIPPING MIAMI, INC., is a Florida for profit corporation with a principal address at 2711 S. Ocean Drive, #3704, Hollywood, FL 33019.

### JURISDICTION AND VENUE

3. Plaintiff invokes the diversity jurisdiction of this Court pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are citizens of different States (and territories of the United

1

States) and the subject matter in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Defendant, FSM, is subject to personal jurisdiction in accordance with Florida Statutes §48.193 by virtue of operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state at all relevant times.

5. Venue is proper in the Fort Lauderdale Division of the Southern District of Florida pursuant to 28 U.S.C. §1391 because Defendant FSM is a corporation based in and/or operating out of the State of Florida and maintains its principal place of business in the State of Florida, particularly within the area covered by the Southern District of Florida and its Fort Lauderdale Division.

## **FACTS IN SUPPORT OF CLAIMS**

6. DROGUERIA BETANCES is an enterprise with over 55 years of experience in the pharmaceutical and beauty industries in the Commonwealth of Puerto Rico. Currently, among other ancillary services and products, DROGUERIA BETANCES is in the business of distributing pharmaceutical, beauty, and health products to hundreds of community pharmacies and hospitals in Puerto Rico and the Caribbean.

7. In or about the month of March of 2020, COVID-19 was declared a global pandemic by the World Health Organization and the U.S. Center for Disease and Control Prevention recommended the use of face masks to avoid the propagation of the virus.

8. As a result, DROGUERIA BETANCES immediately began its search for possible providers of surgical masks to be imported into Puerto Rico and distributed among pharmacies and hospitals, as well as to other identified buyers on the island.

9. FSM, represented by its President Olga Uherova and its representative, agent, or employee, Julio Beauchamp, portrayed itself to DROGUERIA BETANCES as an experienced provider of personal protective equipment.

10. DROGUERIA BETANCES is a merchant by virtue of the business it conducts.

11. FSM is a merchant by virtue of the business it conducts.

12. On or about, March 30, 2020, FSM offered to sell and deliver to DROGUERIA BETANCES three hundred thousand eight hundred (300,800) N95 face masks (the "Goods") within thirteen (13) to fifteen (15) days from the date the order was placed. The total purchase price of the Goods was six hundred and ninety-one thousand eight hundred and forty dollars ($691,840.00) ($2.30 per unit).

13. Based on FSM's quote and offer, DROGUERIA BETANCES was required to pay for the Goods as follows:

   a. Initial deposit of two hundred and eighty thousand dollars ($280,000.00) upon placement of the order;
   b. Three hundred and eighty thousand dollars ($380,000.00) when the order was ready for delivery but prior to shipment; and
   c. Remaining balance of thirty-one thousand eighth hundred and forty dollars ($31,840.00) to be paid within three (3) days of the shipment's arrival.

14. DROGUERIA BETANCES relied upon FSM's representation of its stature as a personal protective equipment provider and its ability to sell and deliver the 300,800 N95 face masks within the agreed upon time and according to the agreed-upon terms and decided to move forward on said offer.

15. Consequently, on or about March 30, 2020, FSM submitted a Proforma Invoice to DROGUERIA BETANCES detailing the agreed upon terms. *See Proforma Invoice attached as Exhibit "A."*

16. The very next day, on or about March 31, 2020, as requested by FSM, DROGUERIA BETANCES made the initial wire transfer deposit payment in the amount of two hundred and eighty thousand dollars ($280,000.00). *See wire transfer confirmation attached as Exhibit "B."*

17. On April 17, 2020, upon FSM's representation that the Goods were in the port and ready for shipment, DROGUERIA BETANCES wire transferred the three hundred eighty thousand dollars ($380,000.00) to FSM pursuant to their agreement. *See email communication attached as Exhibit "C".*

18. DROGUERIA BETANCES has not received the Goods from FSM nor, despite its extrajudicial attempts, a reimbursement of the six hundred and sixty thousand dollars ($660,000.00) that it wired to FSM to purchase the Goods based on the misrepresentations made by FSM.

19. Upon knowledge and belief, in order to secure the three hundred eighty-thousand-dollar ($380,000.00) installment payment, FSM fraudulently misrepresented to DROGUERIA BETANCES that the Goods were in port and ready for shipment although they never were.

20. DROGUERIA BETANCES is entitled to direct and consequential damages for FSM's conduct.

21. Plaintiff has fulfilled and complied with all conditions precedent, if any, prior to bringing this action.

## COUNT I – Breach of Contract

22. DROGUERIA BETANCES adopts by reference, as if set out fully and completely re-alleged in this Count, paragraphs 1 through 21 above.

23. As set out in detail above, and as evidenced in Exhibit A, on March 30, 2020, FSM and DROGUERIA BETANCES entered into a valid contract for the sale and purchase of 300,800 N95 face masks, to be delivered within thirteen to fifteen days to DROGUERIA BETANCES.

24. DROGUERIA BETANCES performed all its obligations under the contract by submitting payment of $280,000.00 when the order was placed and $380,000.00 when FSM represented to DROGUERIA BETANCES that the Goods were in port and ready to be shipped to Plaintiff.

25. FSM materially breached its obligations under the contract with DROGUERIA BETANCES by failing to deliver the Goods to DROGUERIA BETANCES despite its compliance with the payment terms.

26. FSM's material breach of the contract with DROGUERIA BETANCES proximately caused damages to DROGUERIA BETANCES in the amount of $660,000.00, in addition to loss of revenue and other provable consequential damages.

WHEREFORE, DROGUERIA BETANCES, LLC respectfully requests this Honorable Court enter judgment against FORWARD SHIPPING MIAMI, INC. for breach of contract and award damages to Plaintiff in the amount of $660,000.00 plus loss of revenue, consequential damages, prejudgment interest, attorneys' fees, expenses, and court costs (if applicable), as well as such other relief the Court deems just and proper.

## COUNT II – Fraudulent Misrepresentation

27. DROGUERIA BETANCES adopts by reference, as if set out fully and completely re-alleged in this Count, paragraphs 1 through 21 above.

28. Upon knowledge and belief, FSM, by and through its officers and agents, representatives and/or employees, Olga Uherova and Julio Beauchamp, knowingly made false statements of material facts when it represented to DROGUERIA BETANCES that FSM would comply with the order of the Goods within thirteen to fifteen days of the order and, later, when FSM represented to DROGUERIA BETANCES that the Goods were in port and ready to be shipped.

29. FSM did not fulfill the order to DROGUERIA BETANCES within the thirteen to fifteen days required under the contract agreed to by the Parties, and the Goods were never in port and ready to be shipped to DROGUERIA BETANCES.

30. Upon information and belief, FSM, by and through its officers and agents, representatives and/or employees, Olga Uherova and Julio Beauchamp, knowingly made these false statements of material facts to induce DROGUERIA BETANCES to issue payment to FSM in the amount of $660,000.00, despite the falsity of its representations.

31. DROGUERIA BETANCES, in fact, relying on FSM's fraudulent misrepresentations, paid FSM $660,000.00 as partial payment for the purchase of the Goods it expected to receive and was entitled to receive pursuant to the Contract with FSM. *See Exhibits B and D.*

32. Had DROGUERIA BETANCES known that FSM did not have the ability to deliver the Goods within thirteen to fifteen days it would not have entered into a contract with FSM to purchase the Goods and it would have not made an initial deposit of $280,000.00.

33. Had DROGUERIA BETANCES known that FSM's representations were false and that the Goods were not actually in port and ready to be shipped, it would not have made a second payments to FSM in the amount of $380,000.00.

34. As a proximate result of FSM's fraudulent misrepresentations, DROGUERIA BETANCES suffered direct damages in the amount of $660,000.00 plus loss of revenue and other provable consequential damages.

WHEREFORE, DROGUERIA BETANCES, LLC respectfully requests this Honorable Court enter judgment against FORWARD SHIPPING MIAMI, INC. for fraudulent misrepresentation and award damages to Plaintiff in the amount of $660,000.00 plus loss of revenue, consequential damages, prejudgment interest, attorneys' fees, expenses, and court costs (if applicable), as well as such other relief the Court deems just and proper.

## COUNT III – Conversion

35. DROGUERIA BETANCES adopts by reference, as if set out fully and completely re-alleged in this Count, paragraphs 1 through 21 above.

36. DROGUERIA BETANCES paid FSM deposits in the amount of $660,000.00 for the purpose of purchasing the Goods. *See Exhibits B and D.*

37. FSM failed to deliver the Goods.

38. Not only did FSM fail to deliver the Goods in breach of the contract, but they made false representations of material facts in order to secure further payments and misappropriate those funds from DROGUERIA BETANCES.

39. Despite DROGUERIA BETANCES' multiple attempts, FSM has failed to reimburse DROGUERIA BETANCES the monies paid under the Contract, despite the fact that FSM failed to deliver the Goods as required.

40. DROGUERIA BETANCES is the owner of the funds deposited with FSM, FSM has wrongfully asserted dominion over said funds, and FSM has permanently deprived DROGUERIA BETANCES of the use of those funds.

41. As a proximate result thereof, DROGUERIA BETANCES has suffered direct damages in the amount of $660,000.00 plus provable consequential damages.

WHEREFORE, DROGUERIA BETANCES, LLC respectfully requests this Honorable Court enter judgment against FORWARD SHIPPING MIAMI, INC. for conversion and award damages to Plaintiff in the amount of $660,000.00 plus consequential damages, prejudgment interest, attorneys' fees, expenses, and court costs (if applicable), as well as such other relief the Court deems just and proper.

## **COUNT IV – In the alternative, Unjust Enrichment**

42. DROGUERIA BETANCES adopts by reference, as if set out fully and completely re-alleged in this Count, paragraphs 1 through 21 above.

43. DROGUERIA BETANCES has conferred a benefit on FSM, by providing FSM with $660,000.00, and FSM has knowledge thereof.

44. FSM voluntarily accepted and retained the benefit conferred by DROGUERIA BETANCES, without any right to do so.

45. The circumstances are such that it would be inequitable for FSM to retain the benefit of the monies without paying value thereof to DROGUERIA BETANCES.

46. As a proximate result thereof, DROGUERIA BETANCES has suffered direct damages in the amount of $660,000.00 plus provable consequential damages.

WHEREFORE, DROGUERIA BETANCES, LLC respectfully requests this Honorable Court enter judgment against FORWARD SHIPPING MIAMI, INC. for unjust enrichment and award

damages to Plaintiff in the amount of $660,000.00 plus consequential damages, prejudgment interest, attorneys' fees, expenses, and court costs (if applicable), as well as such other relief the Court deems just and proper.

## JURY TRIAL DEMAND

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

RESPECTFULLY SUBMITTED, on this 26th day of February 2021.

**DMRA Law LLC**
*Attorneys for Plaintiff*
1111 Brickell Avenue, Ste. 1550
Miami, FL 33131
Telephone: 305-548-8666
Facsimile: 786-513-7998
Email: juan.ramos@dmralaw.com
Email: maria.dominguez@dmralaw.com
Email: manuel.franco@dmralaw.com

By:  */s/Juan C. Ramos-Rosado*
**Juan C. Ramos-Rosado, Esq.**
Florida Bar No. 1002562

By:  */s/Maria A. Dominguez*
**Maria A. Dominguez, Esq.**
Florida Bar No. 510221

By:  */s/Manuel A. Franco*
**Manuel A. Franco, Esq.**
Florida Bar No. 126443